# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40641**

————————————

**UNITED STATES**

*Appellee*

**v.**

**Clayton E. CAPERS II**

Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 25 July 2025

————————————

*Military Judge*: Tyler B. Musselman.

*Sentence*: Sentence adjudged 5 March 2024 by GCM convened at Moody Air Force Base, Georgia. Sentence entered by military judge on 5 April 2024: Bad-conduct discharge, confinement for 5 years and 6 months, and reduction to E-1.

*For Appellant*: Captain Joyclin N. Webster, USAF.

*For Appellee*: Lieutenant Colonel Jenny A. Liabenow, USAF; Major Vanessa Bairos, USAF; Major Brittany M. Speirs, USAF; Major Jocelyn Q. Wright, USAF; Mary Ellen Payne, Esquire.

Before ANNEXSTAD, DOUGLAS, and MCCALL, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of three

specifications of sexual abuse of a child, in violation of Article 120b, Uniform of Code Military Justice (UCMJ), 10 U.S.C. § 920b, and two specifications of abusive sexual contact, in violation of Article 120, UCMJ, 10 U.S.C. § 920.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for five years and six months, and reduction to the grade of E-1. On 26 March 2024, the convening authority deferred Appellant's reduction in rank until the date of the entry of judgment and waived the automatic forfeitures for a period of six months, or release from confinement, or expiration of term of service, whichever is sooner, for the benefit of Appellant's children.

Appellant raises one issue on appeal, which we have reworded: whether the entry of judgment erroneously subjects Appellant to a restriction on firearm ownership in violation of his Second Amendment[2] right to bear arms.[3]

We have carefully considered the issue raised by Appellant and find it does not require discussion or relief. *See United States v. Johnson*, __ M.J. __, No. ACM 24-0004, 2025 CAAF LEXIS 499, at *13–14 (C.A.A.F. 24 June 2025) (holding no Court of Criminal Appeals has the authority to act upon a § 922 indication).[4]

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.

---

[1] Unless otherwise noted, all references in this opinion to the UCMJ are to the *Manual for Courts-Martial*, *United States* (2019 ed.).

[2] U.S. CONST. amend. II.

[3] This issue was personally raised by Appellant pursuant to *United States v. Grostefon*, 12 M.J. 431, 435–37 (C.M.A. 1982).

[4] We note, however, the following discrepancies in the record of trial (ROT). First, the charges were referred to general court-martial on 13 October 2023 under Special Order A-2 and served on Appellant on 17 October 2023. On 17 October 2023, these same charges were re-referred under Special Order A-3 and served on Appellant the same day. On 5 March 2024, the Government withdrew and dismissed with prejudice Specification 3 of Charge I and Specifications 3 and 4 of Charge II. These changes are properly reflected on the entry of judgment. However, the annotations were made on the original charge sheet (referred on 13 October 2023) vice the charge sheet with the latter referral date of 17 October 2023. Second, the Government corrected Appellant's pay per month but again made the annotations on the original charge sheet (referred on 13 October 2023), but not on the latter. Finally, the wrong charges were listed on the *Sexual Offender Registration Requirement* form, marked as Appellate Exhibit XII, and while this form was revised during trial, the corrected copy was not added to the ROT. These discrepancies were not raised by Appellant nor do they materially prejudice Appellant's rights.

Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court